# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7392 | **DATE** | 8/26/2003 |
| **CASE TITLE** | USA vs. Sammy Knox | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The Court orders a hearing on claims 2 and 3 of Knox's section 2255 motion, as well as issue 5 as set forth on the attached Memorandum Opinion and Order. The Court denies Knox's section 2255 motion with respect to claims 1,4,6, and the remainder of claim 5 (1-1). Motion to proceed with pending arguments (13-1) and motion to correct typographical errors (18-1) are granted. Motion to stay (5-1) is denied. The Court appoints Kimball Anderson of Winston & Strawn to represent Knox pursuant to the provisions of the Criminal Justice Act, 18 USC § 3006A. Status hearing set to 9/10/03 at 9:30 to set a hearing date.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | AUG 29 2003 | 19 |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| OR | courtroom deputy's initials | 03 AUG 28 PM 3:48 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
vs. ) Case No. 02 C 7392
)
SAMMY KNOX )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Sammy Knox, a member of the El Rukn street gang in Chicago, was indicted on federal drug conspiracy and racketeering charges in 1989. In 1991, he was tried before a jury and convicted. Because of prosecutorial misconduct, however, the trial judge ordered a new trial. Knox was tried and convicted a second time in 1996. Following the second jury's verdict, he was sentenced to life for narcotics conspiracy under 21 U.S.C. § 846 and racketeering conspiracy under 18 U.S.C. § 1962(d). His conviction and sentence were affirmed on appeal, but the United States Supreme Court granted Knox's petition for writ of certiorari and remanded the case to the Seventh Circuit for reconsideration in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). On remand, Knox argued that his life sentences were unconstitutional under *Apprendi*, in that they were imposed based on facts (the types and quantities of drugs involved in the narcotics and racketeering conspiracies) that had not been found by a jury beyond a reasonable doubt. *See id.* at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"). But the Seventh Circuit decided that the evidence at trial showed "beyond any possible doubt" that Knox was responsible for a large enough quantity of drugs that, had it

been properly instructed, the jury would have found him guilty beyond a reasonable doubt for the offenses for which he was sentenced. *See United States v. Green*, 6 Fed. Appx. 377 (7th Cir. 2001) (unpublished).

Knox has now filed a motion under 28 U.S.C. § 2255 seeking to vacate his conviction and sentence. In the motion, he raises six claims. Claim 1 is a double jeopardy claim. Knox argues that a charge of narcotics conspiracy under 21 U.S.C § 846 is a lesser included offense in a charge of racketeering conspiracy under 18 U.S.C. § 1962(d). Consequently, he argues, his life sentence for narcotics conspiracy constitutes cumulative punishment in violation of the double jeopardy clause of the Fifth Amendment. Claim 2 concerns a sentencing-related error. Though he was charged with a multi-drug conspiracy, the jury returned a general verdict of guilty on that charge without making any finding as to the type and quantity of drugs involved in the conspiracy (a special verdict form was not used). Knox argues that the trial judge erred by imposing a sentence on the narcotics conspiracy conviction that exceeded the maximum penalty for the least serious drug offense for which the jury might have found Knox guilty. Claim 3 carries this same issue to the RICO conviction; a life sentence was available on the RICO charge only if it was based on a predicate criminal act that carried a possible life term. Because a life sentence was inappropriate for the narcotics conspiracy charge, Knox argues, it was *a fortiori* inappropriate for the RICO charge. Claim 4 involves the government's use of duplicate tape recordings as evidence at Knox's trial. Knox alleges that the tapes were tampered with and has requested to have them produced for expert examination. Claim 5 is based on ineffective assistance of counsel. Specifically, Knox contends that his counsel rendered ineffective assistance by failing to raise and preserve three of the first four substantive issues raised in the

instant motion (the general verdict and tape tampering claims) and by failing to provide adequate representation before the Seventh Circuit on remand from the Supreme Court. Finally, in Claim 6, Knox asserts that his counsel rendered ineffective assistance during his trial by failing to call available witnesses who, he says, would have testified that he withdrew from the narcotics and racketeering conspiracies prior to legislative reforms that increased the maximum penalty for those offenses from 20 years to life.

## DISCUSSION

To succeed on a § 2255 motion, a convicted defendant must show that he was sentenced in violation of the Constitution or laws of the United States or that the sentence exceeded the maximum sentence authorized by law or is otherwise subject to collateral attack. *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). A § 2255 motion is not a substitute for direct appeal. *Id.* Claims raised in Knox's motion that were not raised on direct appeal are considered procedurally defaulted and cannot be reviewed unless he can show cause for the default and actual prejudice resulting from the failure to raise those claims. *Id.*; *United States v. Frady*, 456 U.S. 152, 170 (1982).

1. Claim 1 (double jeopardy)

In his first claim, Knox argues that imposition of a sentence for narcotics conspiracy in addition to a sentence for RICO conspiracy constitutes cumulative punishment that violates the double jeopardy clause of the Fifth Amendment. He contends that narcotics conspiracy under 21 U.S.C. § 846 is a lesser included offense of a RICO conspiracy charge predicated on narcotics conspiracy and that he therefore cannot be punished for both offenses. Though the Seventh Circuit has not addressed this issue, other Courts of Appeals have determined either that

3

narcotics conspiracy (or any other offense serving as a RICO predicate) is not a lesser included offense of RICO, *see United States v. Marino*, 277 F.3d 11, 39 (1st Cir. 2002); *United States v. Thomas*, 757 F.2d 1359, 1371 (2nd Cir. 1985), or that cumulative sentences may be imposed for violations of 21 U.S.C. § 846 and 18 U.S.C. § 1962(d) because that is what Congress intended. *See United States v. White*, 116 F.3d 903, 931 (D.C. Cir. 1997) (explaining that if one crime is a lesser included offense of another, punishment still may be imposed for both if Congress intended cumulative punishment, and holding that Congress authorized cumulative punishments for drug conspiracy and RICO conspiracy); *see generally, Garret v. United States*, 471 U.S. 773, 779 (1985). Nevertheless, Knox argues that the Supreme Court's decision in *Rutledge v. United States*, 517 U.S. 292 (1996), in which it held that cumulative punishments could not be imposed for narcotics conspiracy under 21 U.S.C. § 846 and continuing criminal enterprise under 21 U.S.C. § 848, controls the issue. He insists that the "structure, history and scope" of RICO is "indistinguishable" from the continuing criminal enterprise statute and that a § 846 drug conspiracy charge is a lesser included offense of both. Knox Mem. at 6-7.

As Knox acknowledges, however, he failed to raise this argument on direct appeal. He does not claim "cause" for that default resulting from ineffective assistance of counsel. *See* Knox Mem. at 11. Rather, his only argument for excusing the default is that *Rutledge* represented a change in substantive law, *see Robinson v. United States*, 196 F.3d 748, 752 (7th Cir. 1999), and should operate retroactively to correct his sentence. But there is no issue of retroactivity here; *Rutledge* was decided in 1996, before his October 1997 sentencing and the 1999 decision in his appeal. Knox makes no attempt to explain why he did not argue *Rutledge* at that time. He has failed to excuse the procedural default, and thus this Court cannot consider the

4

double jeopardy claim on its merits.

2.  Claims 2-4 (general verdict claims, Title III tapes/*Brady* claim)

With regard to claims 2, 3 and 4, Knox argues that his counsel was ineffective in failing to raise these issues and that this constitutes cause for failing to raise these claims at trial and on direct appeal. To excuse the procedural default, Knox must show that his attorney's failure to raise the claims amounted to constitutionally ineffective representation under the standard established in *Strickland v. Washington*, 466 U.S. 668, 687-700 (1984), and that he suffered actual prejudice as a result of his counsel's deficient performance. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Prewitt*, 83 F.3d at 816 (ineffective assistance of counsel constitutes "good cause" to overcome procedural default if attorney's representation was deficient and that performance "so prejudiced his defense that the resulting proceedings against him were fundamentally unfair and unreliable"). Knox has also asserted ineffective assistance as a separate claim (claim 5) based in part on his attorney's failure at trial to raise and preserve the claims raised in claims 2, 3 and 4. The analysis required to determine the merits of those aspects of claim 5 is the same analysis required to resolve the cause-and-prejudice question as to claims 2, 3 and 4. *See Prewitt*, 83 F.3d at 816-17.

a. Claim 2

Knox was charged and convicted of a conspiracy to distribute multiple drugs: heroin, cocaine, marijuana, amphetamines, codeine syrup, and Talwin and Triplenamine, commonly referred to as "T's and blues." The jury returned a general verdict; it was not asked to make specific findings regarding the type and quantity of drugs involved in the conspiracy. Knox contends that under the law, the trial judge was precluded from imposing a sentence for narcotics

5

conspiracy greater than the two-year maximum that could have been imposed for a conspiracy to distribute what was, for sentencing purposes, the least serious drug involved in the charged conspiracy: codeine syrup, a Schedule V controlled substance.

This rule was first adopted in multiple-drug conspiracy cases by the Second Circuit in *United States v. Orozco-Prada,* 732 F.2d 1076 (2nd Cir. 1984), and by the time of Knox's sentencing it had been accepted by at least four other Circuits. *United States v. Garcia,* 37 F.3d 1359, 1369-71 (9th Cir. 1994); *United States v. Bounds,* 985 F.2d 188, 194-95 (5th Cir. 1993); *United States v. Owens,* 904 F.2d 411, 414-15 (8th Cir. 1990); *Newman v. United States,* 817 F.2d 635 (10th Cir. 1987). The decision in *Orozco-Prada,* in which the defendant was convicted on a general verdict of conspiracy to distribute cocaine and marijuana, was based on the proposition that "in the absence of a special verdict, there was no way for [the trial judge] to know whether the jury intended to convict [the defendant] for a cocaine-related conspiracy, for a marijuana-related conspiracy, or for a conspiracy involving both drugs." *Orozco-Prada,* 732 F.2d at 1083. The general verdict thus caused a "problem of ascertaining juror intent," making it impossible to say that the jury had actually found that the defendant had participated in a conspiracy to distribute the drug as to which a more-serious sentence applied. *Id.* at 1084. The court therefore gave the government the option of consenting to a resentencing based upon the least-severe maximum sentence; if the government did not do so, a new trial would be required. *Id.* In *Newman,* the Tenth Circuit held that this issue was "plain error," reviewable on appeal even if not raised at trial. *Newman,* 817 F.2d at 637, n.3.

The same counsel represented Knox at trial and on appeal; counsel did not raise this issue

6

in either forum. At the time of Knox's sentencing in October 1997,[1] the Seventh Circuit was the one Circuit that had rejected *Orozco-Prada*. In *United States v. Edwards*, 105 F.3d 1179 (7th Cir. 1997), a case involving a charged conspiracy to distribute cocaine and "crack," the court reasoned that the Sentencing Guidelines allocated to the trial judge the determination of what drug and what quantity of that drug was distributed, and permitted the judge to consider as "relevant conduct" the distribution of other drugs as part of the course of conduct even if they were not identified in the indictment. *Id.* at 1180. The court stated:

> Because sentencing depends on proof by a preponderance of the evidence, while conviction depends on proof beyond a reasonable doubt, the judge may even base a sentence on events underlying charges for which the jury returned a verdict of acquittal. What a jury believes about which drug the conspirators distributed therefore is not conclusive – and a verdict that fails to answer a question committed to the judge does not restrict the judge's sentencing options.

*Id.* at 1181.

On October 20, 1997, just after Knox's sentencing but six months before the judgment was entered, the Supreme Court granted *certiorari* in *Edwards* based on the split in the Circuits. The case was argued on February 23, 1998, and it was decided on April 28, 1998, five days after the judgment in Knox's case was entered and one day after he had filed a notice of appeal. *Edwards v. United States*, 523 U.S. 511 (1998). The Court held that even if one accepted the proposition that the sentence was limited that applicable to the least-serious narcotic for sentencing purposes, that made no difference in *Edwards*. The reason for this was the same relevant conduct rule cited by the Seventh Circuit:

> the sentencing judge here would have had to determine the total amount of drugs, determine whether the drugs consisted of cocaine, crack, or both, and determine

---

[1] Knox was sentenced in early October 1997, but the judgment was not entered until April 23, 1998.

7

    the total amount of each – regardless of whether the judge believed that
    petitioners' crack-related conduct was part of the "offense of conviction," or the
    judge believed that it was "part of the same course of conduct or common scheme
    or plan." The Guidelines sentencing range – on either belief – is identical.

*Id.* at 514. Significantly, however, the Court went on to say that "[o]f course, petitioners' statutory and constitutional claims would make a difference if it were possible to argue, say, that the sentences imposed exceeded the maximum that the statutes permit for a cocaine-only conspiracy." *Id.* at 515. This was not so in *Edwards*, as the sentences imposed were within the statutory maximum for a cocaine-only conspiracy. *See id.*

  The Supreme Court's comments, and its citation of *Orozco-Prada, see Edwards*, 523 U.S. at 515, appear to denote approval of the *Orozco-Prada* rule in cases like Knox's in which, unlike in *Edwards*, the sentence imposed in fact exceeded the statutory maximum for the lowest-level narcotic charged in the indictment. That is, in fact, the way that *Edwards* has been read in the Circuits. *See, e.g., United States v. Allen*, 302 F.3d 1260, 1269 (11th Cir. 2002); *United States v. Zillgitt*, 286 F.3d 128, 135-36 (2nd Cir. 2002). As best as we can tell, the Seventh Circuit has not been called upon to address the point since *Edwards*.

  The government's response to Knox's § 2255 motion does not address *Orozco-Prada* head on. Rather, the government views *Orozco-Prada* as an obsolete vestige of pre-*Apprendi* sentencing law. It takes the position that *Apprendi*, in which the Supreme Court held that any fact that increases the maximum statutory penalty for an offense must be submitted to a jury and determined beyond a reasonable doubt, trumps the *Orozco-Prada* rule. Taking this one step further, the government contends that the Seventh Circuit's finding on remand in this case that any *Apprendi* error was harmless "beyond any possible doubt" also applies to the alleged *Orozco-*

8

*Prada* error in this case. *See* Govt. Response at 6.

The government's argument is not entirely convincing. It is true that both *Oroaco-Prada* and *Apprendi* have to do with the allocation of responsibility between judges and juries. *Apprendi*, as we have noted, says that a fact that increases the maximum penalty must be submitted to a jury and determined beyond a reasonable doubt. *Orozco-Prada*, which applies only in multiple-object conspiracy cases, says, in effect, that a sentencing court must assume that the jury found that the conspiracy involved the least-serious narcotic unless the jury made a specific finding indicating otherwise. Both types of errors can be avoided by requiring the jury to make findings about what, and what quantity, of drugs are involved in a particular conspiracy. But the way in which reviewing courts consider *Apprendi* violations arguably differs from the way they view *Orozco-Prada* violations. In the Seventh Circuit, *Apprendi* violations are subject to harmless error analysis, as reflected by that court's decision in this very case: the reviewing court will examine the record and determine on its own whether a properly instructed jury would have found the defendant guilty even if properly instructed. *See, e.g., United States v. Trennell*, 290 F.3d 881, 890 (7th Cir. 2002). By contrast, it does not appear that *Orozco-Prada* violations are subject to harmless error analysis. *See, e.g., Zillgitt*, 286 F.3d at 139-40. This is so, it appears, even in Circuits that apply harmless error analysis to *Apprendi* errors. *See Allen*, 302 F.3d at 1276 ("The recognized remedy for [an *Orozco-Prada*] violation excludes any consideration of a harmless error review."); *id.* at 1277 (subjecting an *Apprendi* error in the same case to harmless error analysis). If this is correct, then the Seventh Circuit's ruling that the *Apprendi* error in this case was harmless does not necessarily foreclose consideration of the *Orozco-Prada* issue.

9

If harmless error analysis does not apply to *Orozco-Prada* violations, then Knox had a solid *Orozco-Prada* issue in this case. He received a life sentence, whereas the maximum sentence applicable to a conspiracy to distribute codeine syrup is two years. And Knox likewise has a good argument for excusing his default of the issue, namely, that his lawyer was ineffective in failing to raise the point at sentencing, or at least on appeal. At the time of sentencing, even though the Seventh Circuit had decided the point adversely in *Edwards*, there was a split in the Circuits, and thus a reasonably competent attorney arguably should have raised the issue despite *Edwards*. Though we acknowledge the government's point that "'[t]he Sixth Amendment does not require counsel to forecast changes or advances in the law,'" *Valenzuela v. United States*, 261 F.3d 694, 700 (7th Cir. 2001) (*Apprendi* issue) (quoting *Lilly v. Gilmore*, 988 F.2d 783, 786 (7th Cir. 1993)), that proposition would not appear to be dispositive in Knox's case. A finding that counsel should have raised the *Orozco-Prada* issue at the time of sentencing would not be the same as requiring him to "forecast" a change in the law; rather it would require only that counsel act to preserve a point that was the subject of a clearly-defined Circuit split. Indeed, the Seventh Circuit has indicated that "a responsible lawyer" ought to have preserved the point later covered in *Apprendi* by raising it in the trial court even before *Apprendi* was decided, and despite adverse precedent in this Circuit. *See United States v. Nance*, 236 F.3d 820, 824 (7th Cir. 2000). Arguably the same is true of Knox's trial counsel. And even if counsel's failure to raise the issue at trial can be excused, by the time of Knox's appeal, no change in the law was required to raise the *Orozco-Prada* error (due to the intervening *Edwards* decision), and counsel likely could have argued the issue as plain error even though he had not raised it at sentencing. *See Zillgitt*, 286 F.3d at 138-41 (addressing *Orozco-Prada* violation as plain error and announcing intention to

vacate sentence).

All of this indicates that Knox may have a meritorious claim that the procedural default resulting from his failure to raise *Orozco-Prada* at sentencing should be excused due to the ineffective assistance of counsel, and/or a meritorious stand-alone claim of ineffective assistance arising from that same failure. At this point we know nothing of why Knox's counsel (as we have noted, the same attorney at sentencing and on appeal) did not raise the issue, or even whether he considered raising it. A hearing is required on a section 2255 motion when the movant asserts properly-supported facts that, if proven, would entitle him to relief. *Bruce v. United States,* 256 F.3d 592, 597 (7th Cir. 2001); see also, *Rodriguez v. United States,* 286 F.3d 972, 986 (7th Cir. 2002) (hearing is required on section 2255 motion "when factual disputes exist" that cannot be determined on the paper record before the Court). Such is the case here.

b. Claim 3

Claim 3 involves a challenge to Knox's life sentence for RICO conspiracy. The statutory maximum sentence for RICO conspiracy is ordinarily 20 years; a life sentence may be imposed only if the penalty for one of the underlying racketeering acts is life. 18 U.S.C. § 1963. This claim depends entirely on the merits of claim two, the *Orozco-Prada* issue that we have just discussed. If Knox prevails on that claim, he will likewise prevail on claim 3. For this reason, the hearing that the Court has ordered will also cover this claim and the corresponding ineffective assistance claim.

c. Claim 4

Claim 4 concerns Knox's contention that the government used falsified copies of taped

11

conversations as evidence against him at trial. Seeking to invoke the rules of discovery for § 2255 cases, he has requested that the government produce for expert analysis the original sealed copies of the tape recorded conversations and the duplicate recordings that were used against him at trial. Knox treats this claim as a new issue; in fact he "concedes" it has been procedurally defaulted and offers his counsel's ineffective assistance as cause for default. But default is not an issue, as Knox raised this claim both at trial and on appeal, and the possibility of government tampering with the tapes was explored and rejected by both the district court and the Seventh Circuit. Because the issue was raised, there is no need to excuse a "default," and no basis for a claim of ineffective assistance of counsel arising from the purported failure to raise the issue.[2]

The facts relating to the history of the tapes recordings used against Knox during trial are recounted in Seventh Circuit's appeal in this case. *See United States v. Boyd*, 208 F.3d 638, 642-644 (7th Cir. 2000). We will summarize them briefly. During Knox's second trial, the government introduced into evidence copies of recorded conversations.[3] Knox and his co-defendants contested the tapes' authenticity. Though an expert examination revealed a discrepancy between one of the original recordings and its duplicate original, the trial judge admitted the tapes into evidence and allowed them to be played to the jury. *Id.* at 644. On appeal, the Seventh Circuit affirmed the trial judge's decision to admit the tapes. It emphasized that the expert who examined the tapes at trial could not determine the cause of the discrepancy,

---

[2] In his brief, Knox states that his counsel was ineffective for failing to conduct a proper and timely investigation related to the authenticity of the tape evidence at the pre-trial and trial stages. As we have discussed, however, his counsel raised the issue of the tapes' authenticity, and Knox fails to identify any further steps his counsel should have taken to pursue a claim that the recordings were falsified.

[3] The recordings used as evidence were copies of duplicate originals made at the same time as the original recordings and intended to be identical to them. *See Boyd*, 208 F.3d at 642.

12

acknowledging that it "could have been a malfunction or could have been a bit of creative editing." *Id.* But the Court of Appeals agreed with the trial judge that the possibility of tampering was a less likely inference because "the duplicate contained *more* conversation than the original." *Id.* (emphasis in original). It stated that "[a]lthough it is possible in principle that the government 'edited in' additional conversation to the duplicate, there is no indication at all of this more elaborate form of tampering." *Id.* The Seventh Circuit also credited the testimony of a government agent who "spot checked" the tapes for consistency, noting that "while it would have been preferable had the agent checked all the tapes, no reasons have been suggested for doubting either the good faith or the adequacy of his sampling." *Id.*

Under the law of the case doctrine, "'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.'" *U.S. v. Thomas*, 11 F.3d 732, 736 (7th Cir. 1993) (quoting *U.S. v. Feldman*, 825 F.2d 124, 130 (7th Cir. 1987). Though Knox's constitutional claim–that the government introduced false evidence against him in violation of his right to a fair trial–was not specifically raised and decided on appeal, his arguments concerning the integrity of the duplicate tape recordings, which form the basis of his current claim, were considered fully and rejected. There is no basis to revisit the matter in a § 2255 proceeding. For the same reason, Knox has failed to show a sufficient basis to invoke the discovery processes available under the Rules of Civil Procedure, and the Court therefore denies his request that the government produce the tapes for further analysis.

3.  Claim 5 (Ineffective Assistance)

In claim five, Knox asserts that his counsel rendered constitutionally ineffective

13

assistance. The claim is based in part on allegations that his counsel failed at trial or on appeal to raise the substantive claims we have addressed in issues 2, 3 and 4. For the reasons we have discussed, a hearing is required on issues 2 and 3 as well as on the ineffective assistance claim insofar as it involves the failure to raise those issues at trial and on appeal. The ineffective assistance claim regarding issue 4 (concerning the tape recordings) is without merit, as the issue was sufficiently aired at trial and on appeal, and, as we have found, is not properly addressed in this proceeding.

Claim 5 is based on one additional ground which we now address. Knox alleges that he was deprived of effective assistance before the Seventh Circuit on remand from the Supreme Court in that his counsel failed to argue that application of the *Apprendi* rule to the facts of his case should result in lower sentences for his narcotics conspiracy and RICO convictions. He argues that the statement his counsel submitted following remand pursuant to Seventh Circuit Rule 54 was essentially a "motion for extension of time," that the court disregarded that filing, and that it adopted the government's unopposed position that his sentence should be affirmed, *Apprendi* error notwithstanding. Knox argues that his counsel should have filed a substantive Rule 54 statement giving Knox's views on the *Apprendi* issue.

We do not agree with Knox that his counsel's performance was deficient. Seventh Circuit Rule 54 provides that "when the Supreme Court remands a case to this court for further proceedings, counsel for the parties shall ... file statements of their positions as to the action which ought to be taken by this court on remand." As Knox concedes, his counsel complied with the rule, requesting that the court remand the case to the district court or set a briefing schedule allowing time for full briefing on the impact of *Apprendi*. The Seventh Circuit denied these

14

requests, but that does not render his counsel's strategy objectively unreasonable. Moreover, Knox cannot make the required showing of prejudice. It is true that the court adopted the government's position and affirmed his sentence. But the Court sees no basis to believe that any amount of argument to the contrary would have changed the court's decision that the *Apprendi* error in Knox's case was "harmless ... beyond any possible doubt." *Green*, 6 Fed. Appx. at 377.

4. Claim 6

Claim 6 is an ineffective assistance claim based on counsel's failure to call at sentencing witnesses who would have testified that Knox withdrew from the racketeering and narcotics conspiracies prior to November 1987, when statutory changes took effect which increased the maximum penalties for those offenses from 20 years to life. Knox has submitted affidavits from Alan Knox and Jerry Robinson, two former El Rukns who state that they would have testified that Knox withdrew from the gang in the later part of 1986 or early part of 1987. Regardless of his counsel's reasons for declining to present these witnesses, Knox cannot make the required showing of prejudice. During his sentencing hearing, Knox raised the issue of withdrawal and presented the affidavits of two other El Rukn gang members, Earl Hawkins and Edgar Cooksey, along with a statement by Jeff Fort, the leader of the gang, all indicating that Knox had fallen out of favor with the gang's leadership prior to the time of the relevant change in the law. But the judge determined that although Knox had done things to upset the gang's leadership, his alienation from the El Rukns "[did] not fall within the classic definition of withdrawal," because he was still subject to the gang's authority. Sentencing Hearing Transcript at 8. Considering "the overall role that Knox played in the organization and his relationship with Fort and its other leaders," the court concluded that Knox was still part of the El Rukns "family" after 1987 and

15

that "whenever the leaders wanted him back in, he was there at their beck and call." *Id.* at 8-9. Given the basis for the sentencing court's decision, the testimony of two additional El Rukns members who would have testified that Knox was "out of the [El Rukns] nation" would not have made an impact on the result of the proceeding.

**Conclusion**

For the foregoing reasons, the Court orders a hearing on claims 2 and 3 of Knox's section 2255 motion, as well as issue 5 to the extent it involves his prior counsel's failure to raise the points covered in claims 2 and 3. The Court denies Knox's section 2255 motion with respect to claims 1, 4, 6, and the remainder of claim 5 [docket # 1-1]. Knox's "motion to proceed with pending arguments" [docket #13-1] and his motion to correct typographical errors [docket # 18-1] are granted. His motion to stay [docket # 5-1] is denied. The Court appoints Kimball Anderson of Winston & Strawn to represent Knox pursuant to the provisions of the Criminal Justice Act, 18 U.S.C. § 3006A. The case is set for a status hearing on September 10, 2003 at 9:30 a.m. for the purpose of setting a hearing date.

MATTHEW F. KENNELLY
United States District Judge

Date: August 26, 2003