# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7392 | **DATE** | 3/9/2004 |
| **CASE TITLE** | USA vs. Sammy Knox | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court grants the government's motion to reconsider (22-1) and dismisses all of Knox's remaining claims. Judgment is entered in favor of the United States. Knox's counsel are invited to submit a Criminal Justice Act appointment form and voucher, in the appropriate format, at their earliest convenience.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 1 5 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | 31 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| | | | date mailed notice | |
| OR | courtroom deputy's initials | 2004 MAR 12 PM 4:03 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAR 1 5 2004

UNITED STATES OF AMERICA )
)
vs. ) Case No. 02 C 7392
)
SAMMY KNOX )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Sammy Knox was convicted, along with several other defendants, of narcotics conspiracy under 21 U.S.C. § 846 and racketeering conspiracy under 18 U.S.C. § 1962(d) and was sentenced to life in prison. His conviction and sentence were affirmed on appeal, and after the Supreme Court remanded the case to the Seventh Circuit for reconsideration in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Knox's sentence was again reaffirmed.

Knox then filed a *pro se* motion in this Court under 28 U.S.C. § 2255 seeking to vacate his conviction and sentence. He raised six claims, several of which the Court dismissed after considering the government's response to the motion and Knox's reply. *See United States v. Knox*, No. 02 C 7392, 2003 WL 22012680 (N.D. Ill. Aug. 26, 2003). The Court declined, however, to dismiss two claims and part of a third and ordered a hearing. The government moved to reconsider the Court's ruling, but we deferred ruling on that motion until after the evidentiary hearing. The government's motion and Knox's remaining claims are now ripe for decision.

We begin by revising briefly the remaining claims and their procedural history, to provide context for the matters under consideration. Each of the claims that remains is related to Knox's

31

second claim. That claim is premised on the fact that the narcotics charge involved an allegation of a conspiracy to distribute multiple types of drugs, but the jury (with both sides' acquiescence) returned a general verdict of guilty. The claim is based on *United States v. Orozco-Prada*, 732 F.2d 1076 (2d Cir. 1984), and its progeny in other circuits. Knox argues that because there was no way of knowing what particular type or types of drugs formed the basis for the conviction, it was improper to impose a sentence exceeding the maximum for conspiracy to distribute codeine syrup, the drug that carried the least severe maximum sentence of those alleged to have been part of the conspiracy. Knox argued in his third claim that a life sentence for racketeering conspiracy was improper because RICO permits a life sentence only if the penalty for one of the underlying racketeering acts is life in prison, which would not be the case if he were sentenced at the maximum for distributing codeine syrup. Knox's fifth claim (at least the part of it we did not dismiss) was also related to claim two: he argued that his trial and appellate counsel were ineffective for failing to argue the maximum-sentence issue involved in claims two and three.

In its response to Knox's petition, the government gave Knox's second claim the back of its hand. It made a two-paragraph argument which stated the following, without elaboration: at the time of Knox's sentencing, his maximum-sentence argument was foreclosed in this Circuit by *United States v. Edwards*, 105 F.3d 1179, 1180-81 (7th Cir. 1997); *Edwards* was affirmed by the Supreme Court in 1998, *see Edwards v. United States*, 523 U.S. 511 (1998); in any event Knox's maximum-sentence argument has been subsumed by *Apprendi*; and on remand of Knox's case, the Seventh Circuit found any *Apprendi* error harmless. *See* Gov't Resp. at 5-6. The government made no effort to develop these points in its response, and Knox effectively rebutted them in his reply, pointing out that the Supreme Court's *Edwards* decision actually connoted approval of

2

*Orozco-Prada*, and that his claim was logically distinct from the *Apprendi* claim that the Seventh Circuit had dealt with on remand.

As indicated earlier, the Court declined to dismiss Knox's maximum-sentence and related claims. We noted that several circuits (though not the Seventh) had adopted *Orozco-Prada* at the time of Knox's sentencing. *See Knox*, 2003 WL 22012680, at *3 (citing *Orozco-Prada; United States v. Garcia*, 37 F.2d 1359, 1369-71 (9th Cir. 1994); *United States v. Bounds*, 985 F.2d 188, 194-95 (5th Cir. 1993); *United States v. Owens*, 904 F.2d 411, 414-15 (8th Cir. 1990); *Newman v. United States*, 817 F.2d 635 (10th Cir. 1987)). And contrary to the government's argument, the Supreme Court's *Edwards* decision not only did not uphold the Seventh Circuit's contrary ruling, it appeared to reflect approval of *Orozco-Prada*, which the Court cited favorably in *Edwards*. *See Knox*, 2003 WL 22012680, at *4 (citing *Edwards*, 523 U.S. at 515). Two circuits, in fact, had read *Edwards* as approving of *Orozco-Prada*. *Id.* (citing *United States v. Allen*, 302 F.3d 1260, 1269 (11th Cir. 2002); *United States v. Zillgitt*, 286 F.3d 128, 135-36 (2d Cir. 2002)). And at least two circuits had held that *Orozco-Prada* maximum-sentence errors were not subject to harmless error review, in contrast to *Apprendi* errors. *Id.* at *5 (citing *Zillgitt*, 286 F.3d at 139-40; *Allen*, 302 F.3d at 1276, 1277). We indicated that if harmless error analysis did not apply, then Knox "had a solid *Orozco-Prada* issue." *Id.*

Because Knox procedurally defaulted his maximum-sentence claims (claims two and three), he was required to show cause for the default and prejudice resulting from it before the Court can consider those claims on their merits. To establish cause for the default, Knox had to show that his counsel were ineffective in failing to raise the maximum-sentence claims. This was essentially the same showing needed to establish his stand-alone ineffective assistance claim

3

(claim five) based on counsel's failure to raise the maximum-sentence issue. The Court ordered a hearing on the issue of ineffective assistance and appointed counsel to represent Knox.

At the hearing, which took all of ten minutes, Knox's trial and appellate counsel testified that he had simply missed the maximum-sentence issue. Neither Knox's counsel nor the government contends that counsel's omission of the maximum-sentence issue had any strategic or tactical basis, or that counsel's failure to raise the issue was not ineffective assistance because the Seventh Circuit had rejected a similar claim in its own *Edwards* ruling. For the reasons discussed in our earlier ruling in this case, counsel's performance in this regard fell below constitutional minimums, leaving before us today only the question whether Knox was prejudiced as a result of the ineffective assistance. For the reasons indicated below, however, the Court is convinced that Knox's maximum-sentence claims are without merit and thus that he cannot show he was prejudiced by his lawyer's error.

After the Court set Knox's case for a hearing, the government came out of its fog, filing a motion to reconsider in which, for the first time in our estimation, it took Knox's maximum-sentence claims with the appropriate level of seriousness. It argued that the Court had erred in its analysis of the issue in several respects; it gave extended treatment to the question of whether harmless error analysis should apply; and it also argued, for the first time, that application of the rule of *Orozco-Prada* to Knox's case in the context of a § 2255 motion would violate *Teague v. Lane* 489 U.S. 288 (1989), which holds that a new rule of constitutional procedure[1] cannot be applied to convictions that were final at the time the new rule was announced.

---

[1] The constitutional underpinning of *Orozco-Prada* is that an assumption that the jury found the defendant guilty of anything other than the least-serious object of a multiple object conspiracy violates the defendant's right to a jury trial.

4

The government's *Teague* argument comes too late in the day. *Teague* is a non-jurisdictional rule that is subject to waiver by the government. *See Schiro v. Farley*, 510 U.S. 222, 229 (1994) (citing *Godinez v. Moran*, 509 U.S. 389, 397 n.8 (1993)). The government waived it here by failing to mention it in its answer to Knox's motion. Though a court may consider, or even raise on its own motion, a *Teague* issue that the government has waived, *see, e.g., Thomas v. Gilmore*, 144 F.3d 513, 516 (7th Cir. 1998), we decline to do so in this case. First of all, the argument would not bar Knox's ineffective assistance claim in any event. Second, the government had ample opportunity to address Knox's claims in its response: it addressed the claims both on the merits and based on procedural default, but it did not mention *Teague* until after the Court had ruled that the maximum-sentence claims would not be dismissed. Were the Court to allow the government to raise the issue now, we would effectively be saying that the parties' briefs on a contested matter are merely a dry run, with a second go-round after they see what works and what does not work. Reconsideration is not the time to raise significant issues like the government's *Teague* argument. As the Seventh Circuit has stated, "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). The government's newly-minted *Teague* argument falls in neither category. And even were the Court to excuse the waiver, it is not clear that *Teague* would bar Knox's maximum-sentence claim, as what we consider to have been the Supreme Court's approval of *Orozco-Prada* in *Edwards* came while Knox's case was still pending on direct appeal. *See, e.g., Wright v. West*, 505 U.S. 277, 293 (1992) ("new rules always have retroactive application to criminal cases pending on direct review," even though they do not apply

5

retroactively to cases pending on collateral review); *Griffith v. Kentucky,* 479 U.S. 314, 320-328 (1987) (applying rule of *Batson v. Alabama* to case pending on direct review when *Batson* was decided).

The Court likewise rejects the government's effort to torture out of the Seventh Circuit's decision in the direct appeal of one of Knox's co-defendants an indication that the Seventh Circuit still would reject *Orozco-Prada* even after the Supreme Court's *Edwards* decision. Adrian Bradd raised an *Orozco-Prada* issue in his appeal (Seventh Circuit Case No. 98-3840), but the Seventh Circuit rejected the argument without even mentioning it directly. *See United States v. Hoover,* 246 F.3d 1054, 1062 (7th Cir. 2001) ("None of the other arguments concerning sentencing calls for a reduction."). The government would have us read this as a square rejection of *Orozco-Prada.* But as the government itself notes, "Bradd had forfeited the *Orozco-Prada / Edwards* issue in the district court." *See* Gov't Reconsideration Reply at 4. For that reason, the Seventh Circuit's rejection of the point in Bradd's appeal cannot sensibly be viewed as a ruling on the issue's merits.

The Court is persuaded, however, that it erred in stating that harmless error analysis does not apply to *Orozco-Prada* errors. As the government correctly points out,[2] the Supreme Court has held that most constitutional errors can be harmless; only those errors that are "structural," in the sense that they "affect[ ] the framework within which the trial proceeds, rather than simply an error in the trial process itself," subject a conviction to automatic reversal. *See Neder v. United States,* 521 U.S. 1, 8 (1999). Errors in the automatic-reversal category include the complete

---

[2] Unlike the *Teague* argument, the government made the harmless error argument in its original response to Knox's § 2255 motion, though as noted earlier it did not develop the point.

6

denial of counsel, the refusal of self-representation, the denial of a public trial, bias of the trial judge, and defects in how the jury is instructed on the fundamental concept of reasonable doubt. *See id.* (citing cases). "Such errors infect the entire trial process, and necessarily render a trial fundamentally unfair. Put another way, these errors deprive defendants of basic protections without which a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence ... and no criminal punishment may be regarded as fundamentally fair." *Id.* (citations and internal quotation marks omitted).

Upon further consideration, the Court does not believe that a violation of the rule of *Orozco-Prada* falls within this "limited class," *Neder*, 521 U.S. at 8, such that harmless error analysis does not apply. Though as indicated in our earlier ruling in this case there are logical distinctions between *Orozco-Prada* error and *Apprendi* error, there are similarities between the two that are instructive. An *Orozco-Prada* error occurs when the jury returns a general verdict of guilty on a conspiracy charge that involved multiple objects, making it impossible to say exactly what the jury decided. A judge who imposes, in that scenario, a sentence higher than the maximum for that applicable to the least-serious object of the conspiracy has made a potentially-unwarranted assumption about what the jury found. He has effectively intruded into the jury's decision making process and imposed his own interpretation of the outcome. An *Apprendi* error occurs when the judge, rather than the jury, decides a fact that increases the penalty for an offense beyond the prescribed statutory maximum. *Apprendi*, 530 U.S. at 490. When this occurs, the judge has effectively usurped a responsibility that the Constitution confers upon the jury.

In sum, though the issues posed by *Orozco-Prada* and *Apprendi* are logically distinct,

7

both involve the proper allocation of responsibility to the jury, a core value in our criminal justice system. Given that context, the Court is hard pressed to say that an *Apprendi* error is any less "structural" than an error under *Orozco-Prada*. And yet *Apprendi* errors are subject to harmless error analysis (just as is the case when the judge erroneously fails to instruct the jury on an element of the offense and thus effectively decides that issue himself, *see Neder*, 527 U.S. at 8-13). *See, e.g., United States v. Nance*, 236 F.3d 820, 825 (7th Cir. 2000). It follows that the same should be true of *Orozco-Prada* errors and would be true in this Circuit were the Seventh Circuit to follow *Orozco-Prada*. The Court therefore disagrees with those courts that have determined that *Orozco-Prada* is not subject to harmless error analysis.

Applying harmless error review, the Court must determine whether it is "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty [of conspiring to distribute a substance that carried a life term] absent the error." *Neder*, 527 U.S. at 18. This is, as the government argues, the exact point that the Seventh Circuit decided on remand in Knox's case. Specifically, the court found that "the evidence shows beyond any possible doubt that [Knox was] responsible for such a large quantity of drugs that had the jury been correctly instructed, it would have found [him] guilty beyond a reasonable doubt of the offenses for which [he was] sentenced," namely a conspiracy to distribute narcotics carrying a possible term of life in prison. *United States v. Green*, Nos. 98-2036, 98-2037, 98-2038, 98-2060, 2001 WL 338109, at *1 (7th Cir. Apr. 3, 2001) (unpublished decision). For this reason, Knox has not shown the type of prejudice needed to establish his ineffective assistance claim – a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different, *Strickland v. Washington*, 466 U.S. 668, 694 (1984) – or to establish the cause-and-

prejudice required to overcome the procedural default of his maximum-sentence claims.

## Conclusion

For the reasons stated above, the Court grants the government's motion to reconsider [docket # 22-1] and dismisses all of Knox's remaining claims. The Clerk is directed to enter judgment in favor of the United States. Knox's counsel are invited to submit a Criminal Justice Act appointment form and voucher, in the appropriate format, at their earliest convenience.

                                                                                           _____
                                                                                           MATTHEW F. KENNELLY
                                                                                           United States District Judge

Date:   March 9, 2004